RAHN, Plaintiff-Appellant, v KISSEL, Exr., Defendant-Appellee.

Ohio Appeals, First District, Hamilton County.

No. 6924. Decided March 8, 1948.

Judson A. Shuey, Cincinnati, for plaintiff-appellant.
Bates, Skirvin & Varnau, Cincinnati, for defendant-appellee.

## OPINION

By THE COURT:
The trial court sustained a demurrer to the plaintiff's fourth amended petition, and the plaintiff not desiring to plead further, the court entered judgment for the defendant. The plaintiff appealed from that judgment.

The petition purports to state two causes of action.

In the first cause of action, it is alleged that the plaintiff performed services between 1914 and 1918 for the decedent during her lifetime, and that decedent became indebted to her in the sum of $7200.00; that in 1936, the parties had an accounting, and on September 20th, 1936, an oral promise was made by the decedent "to hold said $7200.00 found to be due plaintiff under said account stated in trust for the use and benefit of plaintiff, and it was further agreed that at any time during the continuation of said trust agreement that the plaintiff had the right to make demand —— for payment —— and said Henrietta Kissel agreed to make payment on said demand, and to further pay interest thereon at four per cent for the time said money was held."

The defendant demurred to this cause of action on the ground that it was barred by the statute of limitations, and also on the ground that it did not state a cause of action.

It is clear that the fourth amended petition does not allege that the defendant is a trustee of a continuing and subsisting trust or a trustee of a trust of any other description.

The relationship of the parties in the beginning was that of debtor and creditor, and that relationship was never changed. To change the relationship the debt would have had to be discharged, payment made, and then the money deposited with the defendant, to be held by defendant as a separate and distinct fund, the title to which would be in the plaintiff. No such metamorphosis of defendant's debts into plaintiff's property held by defendant for her is alleged.

The necessary elements of a trust are set forth in **40 O. Jur., 186 et seq**, and 54 Am. Jur., 44. To hold that an obligor could be a trustee of his own oral promise would be anomalous and a confusion of two completely distinct and dissimilar legal concepts.

The court was right in concluding that no cause of action was stated for the enforcement of a trust.

Then the only possible cause of action stated was a cause of action upon an oral promise made in 1936 to pay money on demand.

It has long been the settled law of Ohio that money payable upon demand is due immediately without demand and that the statute of limitations commences to run at once. **1 O. Jur., 347; Hill v Henry, 17 Ohio 9.** Even where demand is necessary to give a right of action it is generally held that such demand must be made within the period prescribed by the statute of limitations. 1 Am. Jur., 429.

Therefore, the first cause of action alleged accrued on September 20th, 1936, when the oral agreement was made. This action was not filed until June 12th, 1946, which is almost ten years after the right of action accrued and the statute commenced to run. As the time in which an action on an oral promise must be brought is limited to six years by §11222 GC, it is manifest that the cause of action is barred, and as this appeared upon the face of the fourth amended petition, the court was right in sustaining the demurrer to this cause of action.

In the second cause of action the plaintiff set forth a written release executed by her and her husband. She alleged that her husband owed the defendant $10,800.00, with interest, upon which she had obtained judgment, and that in consideration of the defendant accepting $1100.00 in cash on said judgment and a mortgage for $3650.00 and the satisfaction of the balance of the debt of $10,800.00, she and her husband agreed to release and discharge the defendant from all claims and demands that they might have against her and also agreed to release all right of inheritance from defendant and that if that release should prove ineffective, the balance of the debt should be regarded as an advancement. There were other provisions not necessary to mention.

This release was executed in 1936.

The only ground assigned for the cancellation of this release was that it included among its provisions the one that attempts to exclude the plaintiff from inheriting from defendant, the claim being that this was void.

The fact that the defendant could not insist on the release in all its provisions is no ground for its cancellation.

The defendant had a right to enforce the judgment against plaintiff's husband in its entirety. Her agreement to forego that and accept less in cash and the plaintiff's agreement in lieu thereof was ample consideration for plaintiff's promises, notwithstanding she may not have been bound on the original debt, on which, however, she had acknowledged that she was bound.

It is our view that the cause of action was fatally defective and that the court was right in sustaining the general demurrer thereto.

The judgment is affirmed.

MATTHEWS, PJ, ROSS & HILDEBRANT, JJ, concur.